**Justin W. COLEMAN, Petitioner–Appellant,**

v.

**STATE OF OHIO REHABILITATION SERVICES COMMISSION, Respondent–Appellee.**

No. 01–3771.

United States Court of Appeals, Sixth Circuit.

Aug. 5, 2002.

Before NELSON, BOGGS, and NORRIS, Circuit Judges.

Justin Coleman, an Ohio prisoner proceeding pro se, appeals a district court judgment denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On January 7, 1999, Coleman pleaded no contest to attempted murder and arson. He was sentenced to a cumulative term of fifteen years in prison. Coleman's conviction was affirmed by the Tenth District Court of Appeals on January 20, 2000, and the Ohio Supreme Court dismissed Coleman's subsequent appeal on May 17, 2000.

Thereafter, on June 19, 2000, Coleman filed the instant petition for a writ of habeas corpus raising the following grounds for relief: 1) bribery of a co-defendant; 2) judicial misconduct; and 3) denial of the right to a speedy trial. The matter was referred to a magistrate judge who issued a report recommending that the habeas petition be denied on the merits. The district court adopted the magistrate judge's report and recommendation over Coleman's objections. The court granted Coleman a certificate of appealability as to his second claim enumerated above.

Upon review, we conclude that the district court properly denied this petition for habeas corpus relief, as the Ohio appellate court's finding that a continuance by the trial court did not constitute a "critical" stage of the proceedings, under the circumstances presented, was neither "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *Williams v. Taylor*, 529 U.S. 362, 405–06, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); *United States v. Ash*, 413 U.S. 300, 316, 93 S.Ct. 2568, 37 L.Ed.2d 619 (1973); *United States v. Wade*, 388 U.S. 218, 224, 236–37, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). As pointed out by the magistrate judge, the trial court was attempting to ensure that Coleman was adequately represented by counsel, since no attorneys had appeared on Coleman's behalf. Further, regardless of whether Coleman had refused to sign the continuance form, the trial court was apparently already in trial on another case and therefore unable to proceed with Coleman's case due to a scheduling conflict. Finally, any refusal

by Coleman to agree to a continuance on October 1, 1998, would not have affected the outcome of Coleman's speedy trial claim, in light of the subsequent requests for continuance made by defense counsel, and the period of time between Coleman's arrest and ultimate trial date.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.